45282. JONES et al. v. SPINDEL.

Argued April 8, 1970—Decided July 16, 1970—
Rehearing denied July 31, 1970—

*Westmoreland, Hall & Bryan, John L. Westmoreland, Jr.,* for appellants.

*Webb, Parker, Young & Ferguson, John Tye Ferguson,* for appellee.

Jordan, Presiding Judge. 1. The defendants assert error on the admission in evidence of an agreement by Modular Components, Inc., to indemnify Curtis Homes and others for certain uses of Spindel's plans. Assuming the general objection made at the time to be sufficient, this document, when considered with the testimony of a witness for the defendants who executed the agreement for Modular Components, discloses a possible bias of this witness in the outcome of the litigation, and was admissible as a matter affecting his credibility.

2. The tenth enumeration is based on an excerpt from the charge consisting of a statement of the claim of the plaintiff for exemplary damages and attorney's fees and the substance of *Code* § 105-2002, accompanied by an explanation of the meaning. The evidence authorized the charge, and the explanation, even if somewhat repetitious, in no way discloses an undue emphasis on this

aspect of the case. No harmful error is disclosed by this enumeration.

3. In the eleventh enumeration, error is asserted on an excerpt from the charge authorizing the jury to consider an award of attorney's fees. The charge as given is in accord with *Code* § 20-1404 as codified from the common law, and although this section appears under the contracts title of the Code, it is, in appropriate situations, applied in principle to tort actions. See Editorial Note, *Code Ann.* § 20-1404. The argument in the brief is limited to the contention "that the evidence did not warrant submitting the question of attorney's fees to the jury." The evidence as a whole, in the light most favorable to the plaintiff, is sufficient to authorize the charge on attorney's fees.

4. Error is asserted in the twelfth enumeration on the refusal of the trial judge to give a requested charge to the effect that if the jury should find that the plaintiff and Modular Components, Inc., jointly owned the plans, then the plaintiff could not maintain his action alone, and the jury must find for the defendants. When the case was here previously this court determined that under the pleadings Modular Components was not an indispensable party to the plaintiff's action for infringement of his common-law copyright, but noted that if the contrary should later appear from the evidence, the action must then fail. *Jones v. Spindel,* 113 Ga. App. 191, 195, supra.

The evidence of the relationship between Spindel and Modular Components, viewed in the light most favorable to the defendants, is insufficient to support the conclusion in law and fact that Modular Components was a joint owner of the plans which the plaintiff prepared. Instead, it clearly appears that Spindel had a common-law copyright in the plans and Modular Components had agreed to pay Spindel a fee of $50, reduced in some cases to $35, for each unit constructed from the plans using materials furnished by Modular Components, and the unauthorized use of the plans by the defendants as disclosed by the proof is shown to be entirely outside the scope of the arrangement with Modular Components. The trial judge properly refused to give the requested charge.

5. In the fourteenth enumeration, error is asserted on the direction of a verdict in favor of the plaintiff on the counterclaim of

Curtis Homes, which is erroneously entitled as a cross action. See § 13, CPA; *Code Ann.* § 81A-113. This claim is based on the legitimate use of plans prepared by Spindel, but furnished by Modular Components to Curtis Homes, with materials for construction, by reason of a modification of the plans and extra expenses resulting therefrom in the course of constructing 20 units to meet the requirements of the City of Atlanta to prevent direct access in these units from the kitchen to a toilet. The gist of the claim is that of damages for a breach of contract, and the only contract proved was with Modular Components, not Spindel. The defendant Curtis Homes having failed to prove its counterclaim, the trial judge properly directed the jury not to consider this claim.

6. The remaining enumerations are based on the overruling of the motion for new trial on the general grounds and on special grounds asserting excessiveness, and on the overruling of a motion for judgment n.o.v. directed to the entire verdict, as well as the verdict for attorney's fees and exemplary damages. These involve a consideration of whether the verdict is excessive and the sufficiency of the evidence to support the verdict as a whole, as well as the sufficiency of the evidence to support the various items included therein. No part of the verdict would be authorized, of course, unless the evidence is sufficient to support the basic claim for the unauthorized use of the plans.

While it is clear that use of the plans in the legitimate manner set up by reason of the plaintiff's arrangement with Modular Components would have entitled the plaintiff to a payment by Modular Components of $35 or $50 per unit constructed with material furnished by Modular Components, the evidence clearly discloses that instead, and without any agreement with the plaintiff, the plans were furnished to Preferred Homes, a competitor of Modular Components, where they were copied, eliminating the words, "All rights to these plans reserved by Modular Components, Inc., and G. D. Spindel. Copyright by G. D. Spindel" and substituting therefor the symbol of Preferred Homes Corporation, P.O. Box 5159, Columbus, Georgia. The plans, as copied were used to construct 64 units, referred to as the Stanton Road project, at a cost in excess of $460,000. There is also testimony that an appropriate and customary fee for using such plans, without engineer-

ing or architectural supervision, is 4½% of the construction cost. Obviously the jury accepted this testimony to establish damages of $20,700 for the unauthorized use of the plans.

The defendants point out, however, that although the plaintiff limited his proof to use of the plans on the Stanton Road project, he only claimed $15,000 damages for the use of the plans on this project, and never amended his petition to conform to his evidence, and therefore, without waiving their claim that the entire verdict is illegal, contend that the verdict is illegal to the extent that it exceeds the amount claimed. The language of § 54(c) of the CPA (Ga. L. 1966, pp. 609, 658; *Code Ann.* § 81A-154(c)) authorizes final judgment in non-default cases which "Shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings" unless "the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses." This language apparently recognizes the right of a claimant to a money judgment exceeding the amount claimed if within the range of the evidence. We note that this is in accord with the accepted meaning of the corresponding Federal Rule 54 (c). See 6 Moore's Federal Practice 1207, par. 54.62 (2d Ed.), and more particularly, the cases collected and discussed in the 1969 Cumulative Supplement thereto.

With respect to interest, the trial judge correctly instructed the jury that "[i]n an action for conversion such as has been set up by the plaintiff in his other count, the measure of damages is the fair reasonable market value of the property converted as of the date of conversion, plus interest." In applying the rule, however, the cases make it clear that the interest is to be included in the verdict as additional damages, and not as interest eo nomine, because conversion is an ex delicto action, but where the verdict by its terms fixes a lump sum, the separate findings may be treated as mere surplusage. See *Beaver v. Magid,* 56 Ga. App. 272, 275 (192 SE 497). Here the handwritten verdict of the jury states "We . . . find the preponderance of evidence . . . in favor of the plaintiff and feel he should be compensated in the amount of $85,000.00 which can be broken down into the following

"$20,700.00     Recovery of damage caused by unauthorized use of Plans.

" 10,130.00     Interest [1]Added

" 29,170.00     Exemplary damage

" 25,000.00     Attorney's Fees

"$85,000.00     Total"

We regard the verdict as a lump sum award which includes $10,130 as additional damages for the unauthorized use of the plans. The verdict is dated October 23, 1969, and under the evidence the jury could have determined that the conversion occurred before Labor Day in 1962, at which time one of the defendants had the plans.

We recognize that ordinarily, if exemplary damages are authorized, the amount is dependent on the enlightened conscience of impartial jurors, and that an authorized verdict which has the approval of the trial judge should not be disturbed. Blind adherence to this rule, however, by an appellate court eliminates reason from the law. Comparing the actual damages as determined by the jury, and the range of the evidence in respect to actual damages, which, in view of the contractual value for use of the plans, if used pursuant to the arrangement with Modular Components, would authorize a verdict at the lower range of $2,240 (@ $35 per unit) or $3,200 (@ $50 per unit) it is obvious that the jury selected the upper range of the evidence, and based the verdict on the usual and customary fee charged for the use of building plans in the amount of $20,700. This, plus the added interest, brings the total damages to over $30,000. To compensate the plaintiff additionally by the amount of $29,170, to reach a total of $60,000, appears to us to be indicative of an undue bias for the plaintiff and against the defendants, which sets up a penalty which is unreasonable under the standards set forth in *Code* § 105-2002, "either to deter the wrongdoer . . . or as compensation for the wounded feelings of the plaintiff." Accordingly, we hold that the amount of exemplary damages as awarded is excessive as a matter of law.

[1]The word "added" appears to have been stricken over, but is still legible.

While we also recognize that there is testimony placing the maximum value of legal representation at $25,000, with a lower limit of $15,000, the claim for attorney's fee was only for $10,000. Considering the nature of the litigation, we also regard this award, although not unsupported by testimony, as substantially in excess of what should be regarded as reasonable and adequate to cover attorney's fees.

We thus regard the total verdict as so excessive of the relief sought and to which the plaintiff was entitled as to indicate bias or prejudice on the part of the jury, requiring the grant of a new trial.

*Judgment reversed. Eberhardt and Pannell, JJ., concur.*