53484. PHILLIPS et al. v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.

SMITH, Judge.

Billy and Margaret Phillips, appellants, brought suit against United States Fidelity & Guaranty Co. to collect on an insurance policy after the destruction of their house in a fire. U. S. Fidelity counterclaimed seeking recovery of amounts it had already paid to the holder of the mortgage on the property. Judgment was entered on the jury verdict which allowed neither party to recover on its claim, and from that judgment this appeal was filed enumerating error on certain statements made by the trial court and on the admission and exclusion of various evidence. We find no error and affirm.

Billy Phillips was the owner of a house in Carrolton, Georgia in which he lived with his wife Margaret Phillips and their children. The house was insured by the appellee. On November 23, 1974, the house was destroyed by fire. The appellee paid off the mortgage on the property but it refused to make any payments to the Phillipses due to suspicion that Mr. Phillips had intentionally set the fire. *Held:*

1. The appellants contend the trial court erred in two statements made to the jury. One, a corrective instruction to the jury in response to the appellant's attempt to introduce inadmissible testimony, was not objected to at

the time. Furthermore, the context of the statement comes nowhere close to being so blatantly prejudicial that the appellant was deprived of a fair trial. See *Foskey v. State,* 116 Ga. App. 334 (2) (157 SE2d 314). The other was an instruction to the jury to disregard a nonresponsive, prejudicial remark interjected by Margaret Phillips during direct examination. The court's instruction was well adjusted to the remark, and there is no merit in the appellant's contention that the instruction was "unprofessional and derogatory conduct" which "demeaned or intimidated" the witness.

2. The appellants' son, Weston Phillips, ran from the scene of the fire and was picked up by Buddy Barnes. He told Barnes that his father, Billy Phillips, had set fire to their house and he was going to make a report to the police. Barnes drove Weston to the police station where a statement was taken. Weston testified to these events at trial. Barnes was allowed, over objection, to testify to what Weston had told him. We need not decide whether the statements to Barnes were inadmissible as hearsay or admissible as res gestae since Weston's comparable testimony renders the error, if any, harmless.

Prior to Weston's testimony, the appellants attempted to discredit him as a witness by having Margaret Phillips testify that Weston and his father were at odds. It was not error to exclude this testimony since Weston had not yet testified and especially since, when he did testify, he admitted such tension existed between him and his father. *Schamroth v. State,* 84 Ga. App. 580, 585 (66 SE2d 413).

3. If there was any error in the admission of certain documents and testimony introduced by the appellees in support of their counterclaim, that error was rendered harmless when the jury did not rule in favor of the counterclaim.

4. The fire chief of Carrolton testified that he had served as a fire fighter for over 18 years and had taken and taught courses dealing with arson, chemical fires, electrical fires, and various other types of fires. He was present and participated in fighting and investigating this fire. It was not error for the trial court to allow him to give his expert opinion as to the cause of

the fire.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED FEBRUARY 1, 1977 — DECIDED MAY 19, 1977.

*Gilbert & Bone, Aubrey W. Gilbert, James H. Bone,* for appellants.

*Tisinger, Tisinger & Vance, David H. Tisinger,* for appellees.