## 57357. CUNNINGHAM et al. v. HODGES.

Shulman, Judge.

Appellants-tenants Cunningham, Paynter, Shirley, and Serino brought suit against appellee-landlord for damages resulting from a fire in their apartment building. The court granted defendant-landlord's motion for a directed verdict against all appellants on the ground that damages had not been proved as a matter of law. On appeal, we affirm as to appellants Cunningham and Paynter; we reverse as to appellants Shirley and Serino.

1. "An opinion as to value based solely on cost price is inadmissible in evidence as it has no probative value." *Hoard v. Wiley,* 113 Ga. App. 328 (2a) (147 SE2d 782). In the present case, appellants Cunningham and Paynter gave their opinion of the fair market value of the property damaged in the fire, which value, according to their own testimony, was based solely upon the cost price of the items damaged.

"The plain language of [Code Ann. §§ 38-1708 and 38-1709] precludes an owner from testifying to the value of his goods in a single or gross amount without 'giving his reasons therefor' or else showing that he had 'an opportunity for forming a correct opinion.'" *Hoard,* supra, p. 332. Merely listing the damaged items, along with a monetary figure estimating replacement cost based entirely upon the original purchase price (as was done in this case) is not sufficient evidence to establish damages under the law, as "[t]he cost of property alone is insufficient proof of market value." *Mills v. Mangum,* 111 Ga. App. 396, 398 (141 SE2d 773).

"[I]f coupled properly with other evidence such as a showing of the condition of the item both at the time of purchase and at the time its value is in issue, [the cost price of an item] may be admitted as an *element* upon which an opinion may be formed as to the item's value." *Hoard,* supra, p. 334. Accord, *King v. Sinyard,* 139 Ga. App. 14, 17 (227 SE2d 834). Appellants Cunningham and Paynter, however, did not present sufficient additional evidence to establish damages. These appellants merely listed the damaged property, giving a brief description thereof, and then estimated the fair market value (prior to

the fire) of the property on the sole basis of the cost purchase price. As appellants Cunningham and Paynter failed to present competent evidence supporting a verdict in any amount, the trial court properly directed the verdict against them. *Hayes v. Flaum,* 138 Ga. App. 787 (227 SE2d 512).

2. In several enumerations of error, appellants Cunningham and Paynter assert that the court improperly excluded various exhibits offered to establish damages. As these exhibits were subject to the same infirmities as the oral testimony, the exhibits were insufficient to establish damages. This being so, their exclusion, if error, was harmless. As we are reversing the directed verdict against appellants Shirley and Serino (see Division 4 of this opinion), we need not consider whether the exclusion of exhibits related to their loss of property was error.

3. Appellants Cunningham and Paynter urge that the trial court committed reversible error in refusing to allow oral testimony as to each individual item damaged by the fire. As the record fails to support these appellants' contentions, we find no error.

Although the court attempted to restrict value testimony to listing damaged items and giving an opinion as to the total loss sustained, the record shows that such testimony was permitted in spite of the court's ruling. Counsel was also permitted to recall witnesses to establish damages. As to these appellants, no attempt was made to elicit testimony as to the description of individual items or damage thereto, and no testimony was excluded. (We note that testimony which was elicited failed to establish a proper basis for opinion testimony as to aggregate value of the loss sustained.)

4. However, as appellants Shirley and Serino properly established some measure of damages, a directed verdict as to these plaintiffs was improper. *Sisk v. Carney,* 121 Ga. App. 560 (4) (174 SE2d 456). Ms. Shirley testified that she had purchased "a coat from Regenstein's which was $298 plus tax" only a few months prior to the fire; that it was worthless after the fire; that she had worn it only a few times; that it was "the same as new" at the time of the fire; and that it was worth "the same as new because, at

that time the prices went up. The price was $298 plus tax in January."

Although Ms. Shirley's estimate of the fair market value of the coat at the time of the fire was equal to its purchase price, Ms. Shirley's explanation or reasons for her estimate of the coat's fair market value established a sufficient basis for value determination so as to preclude a directed verdict in favor of the defendant. Under this testimony, the question of the coat's value was properly one for jury consideration. See *Sisk,* supra; *Hagin v. Powers,* 140 Ga. App. 300 (3) (231 SE2d 780). See also *Smith v. General Fin. Corp. of Ga.,* 143 Ga. App. 390 (238 SE2d 694).

As appellant Serino established the cost of repairing some of his property damaged in the fire (i.e., the cost of cleaning smoke-damaged clothing), a directed verdict as to appellant Serino was also improper. *Southeastern Express Co. v. Chambers,* 33 Ga. App. 44 (1) (125 SE 507). See also *Hagin v. Powers,* supra, Division 2.

5. Contrary to appellee's contentions, the directed verdict against plaintiffs Shirley and Serino was not proper for any other reason assigned.

A. Appellee contends that the directed verdict should be upheld on the grounds that no probative evidence linking the fire with acts of the appellee or her agents had been adduced at trial. We disagree.

Defendant's contentions to the contrary notwithstanding, competent evidence of causation was presented. At the time of the fire, Willie Wimberly, defendant's employee, stated to an investigating fire officer that the fire started after Wimberly attempted to burn cobwebs with a gasoline torch. This testimony was probative evidence of the fire's causation, properly admitted as part of the res gestae. See *Land v. McClure,* 135 Ga. App. 243 (2) (217 SE2d 600); *Joyner v. William J. Butler, Inc.,* 143 Ga. App. 219 (2) (237 SE2d 685); *Redwing Carriers, Inc. v. Knight,* 143 Ga. App. 668 (3) (239 SE2d 686). In addition, the expert opinion testimony of the investigating fire officer was also admissible as evidence of causation. *Phillips v. U. S. Fidelity &c. Co.,* 142 Ga. App. 333 (4) (235 SE2d 771).

B. Appellee contends that a directed verdict was

proper, as appellants Shirley and Serino failed, as a matter of law, to prove that the alleged negligent acts of appellee's employee were committed within the scope of his employment. As the evidence on the question of whether Mr. Wimberly's act of ridding the basement of cobwebs was within the scope of his employment as janitor for appellee (or only a slight deviation which nevertheless could fairly be regarded as within the scope of his employment) was conflicting, the issue should have been submitted for jury determination. *Parker v. Smith,* 66 Ga. App. 567 (1) (18 SE2d 559).

Contrary to appellee's assertions, appellants Shirley and Serino did state a claim for negligent employment/retention in Count 2 of their complaint. *C. K. Security Systems, Inc. v. Hartford Acc. &c. Co.,* 137 Ga. App. 159 (223 SE2d 453); *Henderson v. Nolting First Mtg. Corp.,* 184 Ga. 724 (2) (193 SE 347). Moreover, there was evidence that defendant had knowledge of certain prior acts of her employee, from which knowledge a jury may have concluded appellee had notice of Mr. Wimberly's alleged propensity for negligence with fire. As the evidence on the issue of defendant's alleged negligence in the employment/retention of Mr. Wimberly was thus conflicting, it should have been resolved by a jury.

*Judgment affirmed as to appellants Cunningham and Paynter; reversed as to appellants Shirley and Serino. Deen, C. J., and McMurray, P. J., concur.*

ARGUED MARCH 7, 1979 — DECIDED JULY 3, 1979 — REHEARING DENIED JULY 19, 1979 —

*Joseph H. King, Jr.,* for appellants.
*Montet & Smith, N. Forrest Montet,* for appellee.