## 67286. HOUSING AUTHORITY OF ATLANTA v. GREEN.

DEEN, Presiding Judge.

This case made its first appearance in this court in *Green v. Housing Auth. of Atlanta,* 164 Ga. App. 205 (296 SE2d 758) (1982), and this court reversed the grant of a directed verdict in favor of the Housing Authority. The Housing Authority brings this appeal following the retrial and contends the trial court erred in failing to grant its motion for a new trial based on the general grounds, in charging the jury when it used the term "forfeiture" and in permitting testimony as to appellee's good character.

1. In the previous appeal this court held it was error to direct a verdict in favor of the Housing Authority because there was a conflict in the evidence as to whether Green and his wife threatened the roofing contractors. As in the previous case, there was a great difference in the evidence as to this issue presented by the parties; the Housing Authority contends that Green and his wife threatened to shoot the roofers if they did not come down off the roof and Green claims he asked the roofers to come down to discuss the absence of tenants from the work force, but had not made threats to harm them. Mrs. Green also denied threatening to shoot the roofers. Once again, we hold that a jury question was raised and the trial court did not err in failing to grant the Housing Authority's motion based on the general grounds. Whether or not any threats were made or constituted a violation of the lease was a jury question and the trial court charged the jury accordingly. Credibility of the witnesses is purely a matter for jury resolution. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980).

2. The trial court charged the jury: "Generally a tenant's breach of the covenants or stipulations of a lease does not work a forfeiture, that is a giving up of the right to possession of the premises, unless the lease so provides. The lease gave to the Housing Authority the right to terminate for cause which is defined in the lease as serious breach of a material obligation under the lease."

Considering this portion of the charge as a whole, we find no fault with the court's use of the word "forfeiture" as the jury is informed that a forfeiture would result only as the result of a serious violation of the provisions of the lease. The language of the charge is taken from *Pritchett v. King,* 56 Ga. App. 788, 790 (194 SE 44) (1937) and is recognition of the long standing rule that forfeitures are not favored by the courts. From this charge, the jury could determine that forfeitures are not favored.

3. A clergyman testified that he had known Green and his wife for seven years and that they enjoyed a good reputation in the

community. Appellant objected and argues that character evidence is not admissible in civil cases. We agree that this is the general rule in Georgia. An exception, however, is made where a party's character is a material issue under the pleadings in the case, *U. S. Shoe Corp. v. Jones,* 149 Ga. App. 595 (255 SE2d 73) (1979), or where a party is accused of threatening to commit a crime. Green, Ga. Law of Evidence, § 65, p. 110. See also 11 EGL, § 32, p. 341. Evidence of a threat to commit an unlawful act involves a question of character which may be refuted by evidence of good character. *Hogan v. Hogan,* 196 Ga. 822 (28 SE2d 74) (1943). See also *Mays v. Mays,* 153 Ga. 835 (113 SE 154) (1923); *Conley v. Conley,* 152 Ga. 184 (108 SE 777) (1921).

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED DECEMBER 5, 1983.

*Alfred J. Turk III,* for appellant.
*Frank P. Samford III,* for appellee.