42284, 42285. BRANER v. SOUTHERN TRUST INSURANCE COMPANY; and vice versa.
(335 SE2d 547)

HILL, Chief Justice.

The principal issues in this case, a suit on a fire insurance policy here on certiorari, *Southern Trust Ins. Co. v. Braner,* 174 Ga. App. 247 (329 SE2d 569) (1985), are whether it is error for a jury to make a separate award of prejudgment interest upon unliquidated claims of loss under the policy, and whether the existing rule as to proof of damage to personal property destroyed by fire should be relaxed.

Henry and Sue Braner purchased a vacation home on Colonels Island in Liberty County on January 1, 1982. At that time, fire insurance was purchased upon the dwelling for $40,000 from Southern Trust Insurance Company through Braner's independent agent. After improvements were made and the home was furnished, the dwelling insurance was increased to $55,000 at the insurance agent's suggestion, and unscheduled personal property, debris removal and loss of use coverages, among others, were added. On April 5, 1982, the house burned and was a total loss.

In addition to the $55,000 dwelling loss, Braner submitted a proof of loss form on June 25, 1982, for the $23,967.65 replacement value of the personal property, and $6,000 for debris removal and loss of use living expenses. When the 60-day statutory period to pay or deny a claim expired, see OCGA § 33-4-6, Southern Trust sought a 30-day extension from Braner. Braner responded by filing this suit.

Braner thereafter filed a motion for summary judgment as to liability (coverage) and the insurer responded that there were genuine issues of material fact as to its defense of arson. The trial court granted summary judgment as to liability to Braner and, in the first appeal in this case, the Court of Appeals affirmed. *Southern Trust Ins. Co. v. Braner*, 169 Ga. App. 567, 569 (314 SE2d 241) (1984).

At trial the jury returned a verdict for $16,000 for the unscheduled personal property with $3,280 interest, $3,000 for living expenses with $615 interest, $1,200 for debris removal with $246 interest, $11,327 in bad faith damages, and $15,000 in attorney fees, in addition to the $55,000 dwelling loss with $11,275 interest the parties agreed was owed.[1]

The insurance company appealed, urging (a) that the trial court erred in overruling its motion for directed verdict as to unscheduled personal property loss because the insured proved only its replacement cost value, not its actual cash value as insured by the policy, (b) that the trial court erred in overruling its motion for directed verdict as to bad faith damages and attorney fees, and (c) that, because they constituted unliquidated damages, the trial court erred in instructing the jury that it was authorized to award interest at 12% on the unscheduled personal property loss, debris removal and additional living expenses.

The Court of Appeals reversed, quoting *Atlantic Coast-Line R. Co. v. Henderson Elevator Co.*, 18 Ga. App. 279 (6) (88 SE 101) (1916), for the proposition that "The demand being unliquidated, the allowance of interest was within the discretion of the jury, and, while they may have increased the damages by an allowance of interest, the amount so allowed should have been included in one gross sum as damages, and not separately specified by the verdict." *Braner* II, 174 Ga. App. 247, supra.

Finding that interest could not be separately stated by the jury, the Court of Appeals granted a new trial and did not reach the other issues raised by the insurance company. Braner sought certiorari, complaining that the jury verdict in his favor totaling $116,943 was to be entirely retried over $4,141 in interest, when there is no dispute whatsoever that $70,475 in damages was due and unpaid, and no decision had been rendered as to the $42,327 remaining in issue. The insurer sought certiorari pointing out that the Court of Appeals failed to address the major issues involving the larger sums, to wit: unscheduled personal property loss, bad faith damages and attorney

---

[1] Because the parties had disagreed as to the items of damages recoverable, other than the $55,000 value of the dwelling and $11,275 interest thereon, the trial court used a special verdict form so as to be able to strike any items of damage later found to be improper, and thereby avoid having to retry the case in toto.

fees.[2] We granted the certiorari applications of both parties.

1. Two Code sections allow prejudgment interest to be awarded. OCGA § 7-4-15 applies to liquidated demands and is inapplicable here. In a suit on a property damage insurance policy (e.g., fire, lightning, windstorm, etc.), where liability is not disputed but where the amount of damage is disputed, the amount is unliquidated. *Fireman's Ins. Co. v. Oliver*, 182 Ga. 212 (184 SE 858) (1936).

OCGA § 13-6-13 provides for prejudgment interest in breach of contract cases, as follows: "In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery." This Code section is applicable to unliquidated damages. *Norair Eng. Corp. v. St. Joseph's Hosp.*, 147 Ga. App. 595 (6) (249 SE2d 642) (1978).

In *Western &c. R. Co. v. Brown*, 102 Ga. 13, 14-15 (29 SE 130) (1897), this contract Code section was cited to support, by analogy, the existing rule that, in a suit in tort, the jury could award interest not as such but as part of the damages. See *Central R. v. Sears*, 66 Ga. 499 (1881); *Western &c. R. Co. v. McCauley*, 68 Ga. 818 (2) (1882); *Ga. R. &c. Co. v. Crawley*, 87 Ga. 191, 192 (13 SE 508) (1891).

In *Tifton R. Co. v. Butler*, 4 Ga. App. 191 (1) (2) (60 SE 1087) (1908), the Court of Appeals applied the rule applicable in tort cases, that a jury may include interest not as such but as damages, in a breach of contract case.[3] The *Tifton R.* case, supra, was followed in *Atlantic Coast-Line R. Co. v. Henderson Elevator Co.*, supra, and the Court of Appeals in the case now before us followed the *Atlantic Coast-Line* case, quoting it as set forth above.

Thus, the question before us is whether it is error, in a breach of contract case where the damages are unliquidated, for the court to instruct the jury that it may return a verdict stating interest separately, rather than including it as part of the damages awarded.

OCGA § 13-6-13, supra, provides for the allowance of prejudgment interest in breach of contract cases and we find no error in allowing such interest to be found by the jury as a separate item of the award, even where the damages are not liquidated. Division 1 and that part of Division 2 of *Tifton R. Co. v. Butler*, supra; that part of Division 6 of *Atlantic Coast-Line R. Co. v. Henderson Elevator Co.*, supra; and so much of *Merchants Ins. Co. v. Lilgeomont*, 84 F2d 685,

---

[2] The insurer urges that the "no separate interest award on unliquidated damages" rule has been superseded by the special verdict provisions of the CPA. OCGA § 9-11-49 (a). It urges that no interest was allowable in this case, even if included as a part of the damages awarded, because the damages were unliquidated.

[3] The Court nevertheless upheld the verdict which awarded plaintiff "$6,265.02 principal" and "$1,863.68 interest" for "$8,128.70 total," finding that the reasonable intendment of the jury was to award the plaintiff $8,128.70.

689-690 (5th Cir. 1936), which is contrary to this holding, should not be followed.

This disposes of the issue of interest.[4]

2. The insurer contends that the trial court erred in overruling its motion for directed verdict as to plaintiff's claim for bad faith penalty and attorney fees because (a) it had a reasonable defense, to wit: arson, and (b) there was a bona fide dispute as to the amount of the unscheduled personal property loss.

(a) The grant of plaintiff's motion for summary judgment as to liability, notwithstanding the insurer's claim of arson, affirmed by the Court of Appeals, determined that the insurer had no viable arson defense. As the Court of Appeals found: ". . . the evidence in the instant case was insufficient to raise even an inference of arson caused or procured by [the insured]." *Braner* I, supra, 169 Ga. App. at 569.

The purpose of granting summary judgment as to liability (coverage) is to remove that issue from the trial of the case. Once liability is established by summary judgment, liability is no longer in issue. The trial court did not err in overruling the insurer's motion for directed verdict as to bad faith penalty and attorney fees based on its claim that it had a reasonable defense, to wit: arson.

(b) The insured's proof of loss claimed $23,967.65 as the replacement cost of unscheduled personal property. The insurer points to the jury finding that the value of this property was $16,000 to demonstrate that there was a bona fide dispute as to the amount of this loss.

However, the insurer's agent testified that he instructed the insured to list replacement cost and date of purchase, and that he, using a depreciation formula, would reduce replacement cost to actual cash value as called for by the insurance policy. Under these circumstances the insurer will not be heard to assert that the insured's proof of claim was inflated and that a bona fide dispute existed as to the value of the property. Therefore the trial court did not err in overruling the insurer's motion for directed verdict as to bad faith penalty and attorney fees.

3. The insurer contends that the trial court erred in overruling its motion for directed verdict as to unscheduled personal property loss because the insured proved replacement cost and did not prove actual cash value as insured by the policy.

The existing rule as to proof of damages to personal property

---

[4] Although the trial court's instructions to the jury regarding interest on unscheduled personal property loss, additional living expenses and debris removal were directory in nature and did not advise the jury that awards of interest thereon were discretionary with the jury, this matter was not urged as error in the Court of Appeals. There, as here, it was urged that the amounts being unliquidated, prejudgment interest was not allowable, which issue has been decided adversely to the insurer.

which has been destroyed is that a witness' opinion as to the value of such property based solely on purchase price lacks probative value, whereas a witness' opinion as to value based upon purchase price plus a showing of the condition of the property at time of purchase and its condition immediately before its destruction has probative value. *Hoard v. Wiley*, 113 Ga. App. 328, 334 (147 SE2d 782) (1966); *Cunningham v. Hodges*, 150 Ga. App. 827 (1) (4) (258 SE2d 631) (1979), and cases cited.

We find this rule to be too stringent under the circumstances of this case and others similar to it for several practical reasons. In cases involving fires, the evidence of the purchase prices of the destroyed property (receipts, bills, cancelled checks, etc.) may also have been destroyed by the fire. Testimony as to the condition of each item of property immediately before its destruction (drapes, curtains, rugs, furniture of all sorts, dishes, glasses, cooking utensils, food supplies, condiments, mattresses, pillows, bedspreads, blankets, sheets, towels, shirts, pants, dresses, underwear, socks, sweaters, coats, swim wear and other items of clothing, to mention only a few) is unnecessarily time consuming. Moreover, under the existing rule, it benefits a defendant not to cross-examine the owner of the property as to any particular item which might be suspect, because by exercising the right of cross-examination the defendant runs the risk that the witness may reveal its condition. Instead, a defendant elects not to object to the testimony as to value and not to move to strike it as being insufficient, but to move for a directed verdict after the evidence is closed, notwithstanding the fact that liability has been proved and the destruction of property has been established.

For the foregoing reasons, we adopt the following rule: Where a homeowner or homeowner's spouse testifies as to either the purchase price or replacement cost of household furnishings, items of personal clothing and other commonly used personal property destroyed by fire, and as to the approximate date of purchase or acquisition of each such item, the evidence is sufficient for the jury to find the actual cash values of such common and familiar property. See *Atlanta &c Builders v. Polinsky*, 148 Ga. App. 181, 182 (250 SE2d 781) (1978); *Marco Publications v. Southern Airways*, 139 Ga. App. 808, 810 (229 SE2d 664) (1976). Therefore, the trial court did not err in overruling the insurer's motion for directed verdict, and the judgment entered by the trial court should be affirmed while that of the Court of Appeals must be reversed.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Southern Trust raises several issues, of which we address one. Citing *Fortson v. Cotton States Mut. Ins. Co.*, 168 Ga. App. 155 (308 SE2d 382) (1983), Southern Trust urges that the Court of Appeals' first decision in this case, *Southern Trust Ins. Co. v. Braner*, 169 Ga. App. 567 (314 SE2d 241) (1984), referred to above as *Braner* I, was clearly wrong and the insurer should not be found to have acted in bad faith for relying on the prior (i.e., "correct") law of Georgia.

Whether *Braner* I, is right or wrong, it is binding on the parties. OCGA § 9-11-60 (h).

*Motion for reconsideration denied. All the Justices concur.*

DECIDED OCTOBER 17, 1985 —
RECONSIDERATION DENIED NOVEMBER 5, 1985.

*Neville & Skene, William J. Neville, Jr., Mary L. Skene, George N. Skene*, for appellant.

*Karsman, Brooks, Painter & Callaway, Stanley Karsman, Dana F. Braun*, for appellee.