## A91A0208. PORTLAND FOREST PRODUCTS v. GARLAND LUMBER SALES, INC. et al.
## A91A0210. DUKE v. PORTLAND FOREST PRODUCTS.
(405 SE2d 307)

BEASLEY, Judge.

Plaintiff Portland Forest Products appeals a judgment entered after the direction of a verdict in favor of defendants Garland Lumber Sales, Inc., Frazer Duke and American Lumber Company (Case No. A91A0208). Duke cross-appeals the denial of his individual motion for directed verdict (Case No. A91A0210).

Portland sought damages for its lumber. It had been stored in a building which burned. The building was leased by Garland and owned by Duke. At the close of the evidence, defendants moved for directed verdict on the ground that Portland's proof of damages was insufficient. The motion was granted.

1. The measure of damages in this case is the fair market value of the lumber at the time it was destroyed. *Southern R. Co. v. Birch*, 66 Ga. App. 270 (1) (17 SE2d 601) (1941). Portland introduced evidence

as to the purchase and invoice prices of the lumber in December 1985. The lumber was then placed in storage in late December and the building burned on May 14, 1986. The only evidence about its condition was testimony by a salesman for Portland who went by to check on it when he heard the lumber had been outside and was wet. He used a moisture meter to test the moisture content of lumber and after examination "determined the lumber had not been outside in the rain." This was late March or early April 1986. Calvin Garland, the president of both Garland and American, in response to a question regarding what he did to protect the lumber, testified that he "kept it warm and dry and away from the elements."

A jury must be able to "calculate the amount of the loss with a reasonable degree of certainty." *Big Builder v. Evans*, 126 Ga. App. 457, 458 (2) (191 SE2d 290) (1972).

Portland failed to establish fair market value of the lumber at the time it was burned. *Hoard v. Wiley*, 113 Ga. App. 328 (147 SE2d 782) (1966); *Lovell v. State*, 189 Ga. App. 311, 313 (3) (375 SE2d 658) (1988); *Cunningham v. Hodges*, 150 Ga. App. 827 (1) (258 SE2d 631) (1979); *Hagin v. Powers*, 140 Ga. App. 300, 303 (3) (231 SE2d 780) (1976). Compare *Messmore v. Roth*, 185 Ga. App. 862 (1) (366 SE2d 318) (1988), where in addition to the purchase price (when and as new) and date of purchase, the condition of the property immediately prior to its loss was adduced. The narrow exception with regard to proving value carved out in *Braner v. Southern Trust Ins. Co.*, 255 Ga. 117, 120 (335 SE2d 547) (1985), involving the value of common and familiar homeowner property destroyed by fire, is not applicable. The purchase price or invoice price alone does not establish value. *Minit Chek Food Stores v. Plaza Capital*, 135 Ga. App. 110 (3) (217 SE2d 415) (1975). Even if the jury could reasonably infer that the condition of the lumber was the same in May as when purchased in December, based in part on the April inspection, it would have to speculate about its fair market value. That is prohibited. See *F. A. Reece Enterprises v. Winnings*, 191 Ga. App. 30 (1) (380 SE2d 747) (1989).

2. In view of the ruling in Division 1, the cross-appeal is moot.

*Judgment affirmed on the main appeal; cross-appeal dismissed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 1, 1991.

*Bobby L. Cobb & Associates, Bobby L. Cobb*, for Portland.
*James E. Spence, Jr.*, for Garland and American.
*Harman, Owen, Saunders & Sweeney, H. Andrew Owen, Perry*

*A. Phillips*, for Duke.

