A02A0656. BEAM v. KINGSLEY et al.
(566 SE2d 437)

POPE, Presiding Judge.

On the afternoon of September 4, 1999, a car driven by Donna Beam collided with Scott Kingsley's motorcycle. Kingsley was killed in the collision. The facts surrounding the collision were undisputed. Beam pulled in front of Kingsley. Although Beam did not see the motorcycle approaching, there was no allegation that Kingsley was speeding or that he was negligent in operating his vehicle. The evidence showed that Beam had been drinking that afternoon, and her blood alcohol level tested at 0.12, above the legal limit. She later pled guilty to a felony charge of vehicular homicide.

Kingsley's wife, Susan, filed a wrongful death suit, individually and as the administratrix of her husband's estate. The case proceeded to trial, and although Beam testified that a dip in the road

---

[22] See *Harden v. State*, 239 Ga. App. 700, 701 (2) (521 SE2d 829) (1999); *Godfrey v. State*, 227 Ga. App. 576, 577 (2) (489 SE2d 364) (1997).

[23] See OCGA §§ 17-10-7 (a); 16-14-5 (a).

had prevented her from seeing Kingsley's motorcycle approaching, the jury found liability and awarded damages in the amount of $1,416,000 for the value of Kingsley's life, and $2,584,000 to Susan Kingsley, as administratrix. Beam filed this appeal following the denial of her motion for new trial or remittitur.

1. Beam first asserts that the evidence was insufficient to support the amount of the jury's verdict. She argues that the evidence showed that Kingsley's funeral bills amounted to only $1,693.86. In addition, the medical evidence showed that Kingsley's death occurred within one or two minutes after impact and that he may have lost consciousness prior to that. Beam asserts that the $2,584,000 award for funeral expenses and pain and suffering was excessive in light of these facts. Beam also notes that Susan Kingsley's attorney requested $2,584,000 in lost wages on the wrongful death claim. Beam suggests that the jury may have mistakenly awarded the wrongful death damages to Susan Kingsley in her capacity as administratrix. She requests that the portion of the judgment awarding damages to Susan Kingsley as administratrix be reversed and remanded for new trial on the issue.

"The amount of damages returned by a jury in a verdict for pain and suffering due to alleged negligence is governed by no other standard than the enlightened conscience of impartial jurors." (Citations and punctuation omitted.) *McCormick v. Harris*, 253 Ga. App. 417, 419 (3) (559 SE2d 158) (2002). And the defendant has a heavy burden under OCGA § 51-12-12 (a) to establish that such a damage award is excessive: "In particular, appellate courts should be hesitant to second-guess verdicts where the damage award is based in any significant part on pain and suffering. This duty becomes most onerous when the jury is not required to render a special verdict as to damages." (Citation omitted.) *Alternative Health Care Systems v. McCown*, 237 Ga. App. 355, 362 (7) (514 SE2d 691) (1999). Therefore, for this Court to overturn the jury's verdict, it must be "so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake [by] the jurors." (Citations and punctuation omitted.) *Turpin v. Worley*, 206 Ga. App. 341, 343 (1) (425 SE2d 895) (1992). Moreover, because the trial court approved the verdict in denying Beam's post-trial motion, a presumption of correctness arises that will not be disturbed absent compelling evidence. *E-Z Serve Convenience Stores v. Crowell*, 244 Ga. App. 43, 47 (2) (535 SE2d 16) (2000).

The evidence showed that Kingsley was aware of the impending collision and swerved to avoid it. Kingsley suffered broken ribs and a collapsed lung in the collision. He survived for as much as two minutes after the crash and could be heard choking and gasping for breath as he drowned in his own blood. This evidence supported an

award of damages for pain and suffering, and we cannot say that the amount of damages was so flagrant under the circumstances as to shock the conscience. Nor has Beam provided us with any compelling evidence to justify overturning the jury's verdict.

2. Beam next asserts that the trial court erred in granting Susan Kingsley's motion in limine to exclude background evidence concerning the reason for Beam's alcohol consumption on the day of the accident. Beam made a proffer at trial to show that the weekend of the accident also marked the second anniversary of the remission of her breast cancer and that she had been celebrating her successful battle with cancer with friends that day. She asserts that this evidence should have been admitted because the nature of the claims against her placed her character into evidence. She states that she should have at least been allowed to explain her actions. Beam also argues that this evidence also would have demonstrated that her actions were not wilful and wanton.

"The admission or exclusion of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. However, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." (Citations and punctuation omitted.) *Homebuilders Assn. of Ga. v. Morris*, 238 Ga. App. 194, 195 (518 SE2d 194) (1999). We find no abuse of discretion in this case.

Generally, the character of a party to a civil action is not an issue, and character evidence is not relevant. *Weaver v. Ross*, 192 Ga. App. 568, 569 (1) (386 SE2d 43) (1989). An exception to this general rule exists where the party's character is a material issue under the pleadings or where there is evidence that the party threatened to commit a crime. *Housing Auth. of Atlanta v. Green*, 169 Ga. App. 211, 212 (3) (312 SE2d 196) (1983). Neither exception exists in this case. Beam admitted that she had been drinking prior to the accident. The reason behind her drinking was irrelevant, and it was within the trial court's discretion to determine that the evidence was irrelevant. Moreover, because Susan Kingsley withdrew her claim for punitive damages prior to trial, whether Beam's actions were wilful or wanton was not at issue.

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

DECIDED JUNE 11, 2002.

*Downey & Cleveland, Y. Kevin Williams*, for appellant.

*Cooper & Jones, Lance A. Cooper, Scott B. Cooper, Andrew W. Jones*, for appellees.