44104. NORRED, Chief of Police v. DISPAIN.

PANNELL, Judge. 1. Assuming, without deciding, that in a trover case where the plaintiff has elected to take a verdict for the property and its hire, such verdict for hire in the

absence of a verdict for the property is unauthorized; yet, "verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity" (*Code* § 110-105) and may be properly construed in view of the pleadings, evidence, and the charge to the jury (*Bridges v. Donalson,* 165 Ga. 228 (140 SE 497)). In the present case, the trial judge charged the jury: "The evidence is uncontradicted that the car has been returned to Mr. Dispain, and at a pre-trial hearing had before this case came on the trial docket the court confined the issues as being the right to title and right of possession of the property involved, that is, who had the title and who was entitled to the possession of the automobile, and at that time the plaintiff elected that if he should be authorized to recover that he would take a judgment for the property and its hire from the date of August 2nd, 1967, until February the 5th, 1968.

"Now, you are not necessarily concerned with the judgment for the property because the plaintiff now has the property, but the only issue that would be left here, if you find that he is entitled to recover anything, would be the hire of this vehicle from these dates: August 2nd, 1967 to February 5th, 1968. . .

"Our law also provides, Lady and Gentlemen of the Jury, that in supporting an action in trover, that is an action to recover possession of personal property, a person may prove either title in himself at the time when the suit was filed, or he can show prior possession in himself at the time when the suit was filed, or he can show a right of possession in himself at the time the suit was filed, so you look to the evidence in this case and determine whether or not Mr. Dispain brings himself within either of these provisions of law with respect to his right to bring this suit to recover this automobile and recover hire for it.

"If you should find in favor of the plaintiff, determine whether or not there is sufficient evidence in this case for you to determine what amount, if any, he would be entitled to for hire of his automobile during the time that the possession must have been wrongfully withheld.

"If you should then believe that the plaintiff would be entitled to recover, the form of your verdict would be: 'We, the jury, find for the plaintiff so many dollars as hire,' and that would be sufficient.

"On the other hand, if you believe that the defendant was in

lawful possession of this car and had reason to retain its possession and did not arbitrarily refuse its return or possession to the plaintiff; that he was otherwise entitled to retain it under the provisions of law that the court has given you, you would be authorized to return a verdict for the defendant. "In that event the form of your verdict would be: 'We, the jury, find for the defendant.'" The jury returned a verdict "for the plaintiff in the amount of $900." In view of the charge, such verdict will be construed as a finding in favor of the plaintiff as to the title or right to possession of the property and a finding of $900 for hire.

2. "While a suit can not be maintained against the State without its consent, and this inhibition can not be evaded by making an action nominally one against the servants or agent of the State when the real claim is against the State itself and it is the party vitally interested, yet a suit may be brought against a State officer or agent where he acts illegally and in an unauthorized manner." *Cannon v. Montgomery*, 184 Ga. 588 (2) (192 SE 206). Where, as in the present case, a chief of county police, acting through a deputy, without lawful warrant or authority other than the badge of office, seizes and carries away from the possession of another an automobile, a suit in trover by such person against the chief of county police is not a suit against the county or state.

3. The trover suit alleged that "petitioner claims title" to the property described. A pre-trial order, to which no exception has been taken, provides: "The issue is title and right of possession of the property involved." Assuming, without deciding, that the plaintiff did not show title, he did show a bona fide claim of title and a right of possession superior to that of the defendant. Accordingly, the trial court did not err in refusing to dismiss the complaint at the close of plaintiff's evidence, or in charging the jury in relation to the plaintiff's right to recover based upon a superior right of possession.

4. Testimony of the plaintiff that he didn't know "exactly" what the rental value of the automobile was, that he hadn't rented the car and didn't know "what the rent is," and was then asked if $5.00 per day as alleged in the petition was "a fair rental value," answered "it was worth something like that because I didn't have no way to get to work" was sufficient evidence upon which to base a verdict for hire. While the

leading question was objected to and the court suggested to counsel that he reframe the question, the witness nevertheless answered the question and no objection was made to the answer.

5. While the property involved, an automobile, was in an inoperable and unrentable condition at the time it was taken by the police, it having been wrecked several days prior thereto, and was in the same condition, or worse, when returned to the plaintiff upon his giving a bond therefor, the evidence was sufficient to authorize the jury to find that the automobile was repairable to operating and rentable condition; accordingly, the defendant can not avoid liability for rental by unlawfully refusing to surrender possession of the property to the plaintiff and thus preventing the property from being repaired and placed in a rentable condition.

6. Enumerations of error not herein specifically dealt with either show no error, or if error, they are harmless.

7. The trial judge did not err in entering a judgment upon the verdict.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

ARGUED JANUARY 6, 1969—DECIDED JANUARY 14, 1969.

*Stark & Stark, Homer M. Stark,* for appellant.
*Owens & Porter, E. L. Owens,* for appellee.