**Junior Wilnon BYRD,
Plaintiff-Appellant,**

v.

**Larry STEWART, So. Cid, Thomas County, Georgia, Lenord Harris, Deputy Sheriff, Madison County, Florida, Defendants-Appellees.**

No. 86–8202.

United States Court of Appeals,
Eleventh Circuit.

Nov. 10, 1986.

Terrell C. Madigan, Parker Law Firm, Tallahassee, Fla., for Lenord Harris.

## CORRECTED OPINION

Before HILL, KRAVITCH and ED-MONDSON, Circuit Judges.

PER CURIAM:

Byrd, appearing pro se, brought this civil action under 42 U.S.C. § 1983 (1982) alleging that law enforcement officers (Defendants Stewart and Harris) had unlawfully searched his home and seized some of his personal effects. Byrd does not contest his subsequent conviction on drug charges which arose shortly after this search. Byrd's sole claim before this court is for monetary damage caused by the deprivation of his property. The United States District Court for the Middle District of

Georgia dismissed the complaint for failing to set forth any jurisdictional basis and failing to state a claim upon which relief could be granted. We affirm the decision of the district court.

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the United States Supreme Court held that no due process violation occurs when a plaintiff is deprived of property due to the negligent conduct of state employees, provided the state makes available an adequate post-deprivation remedy.[1] In doing so, the court noted the impracticality of providing a predeprivation hearing prior to a "random and unauthorized act by a state employee." *Id.* at 541, 101 S.Ct. at 1916. The court noted:

> In such a case, the loss is not a result of some established state procedure and the State cannot predict precisely when the loss will occur. It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under "color of law," is in almost all cases beyond the control of the State. Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation.

*Id.* In *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), a state inmate sought recovery under § 1983 for property destroyed by prison guards during a shakedown search of his cell. The court found that the state had not deprived the inmate of procedural due process. In *Hudson* the court extended the rationale of *Parratt*, to intentional torts:

> We can discern no logical distinction between negligent and intentional deprivations of property insofar as the "practicality" of affording predeprivation process is concerned. The state can no more anticipate and control in advance

1. The portion of the *Parratt* decision indicating that negligent conduct may create a basis for a section 1983 claim has been overruled. *Daniels v. Williams,* — U.S. —, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The aspect of *Parratt* concerning the adequacy of post-deprivation hearings to remedy unauthorized conduct of state employees remains viable.

the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct. Arguably, intentional acts are even more difficult to anticipate because one bent on intentionally depriving a person of his property might well take affirmative steps to avoid signalling his intent.

*Id.* at 533, 104 S.Ct. at 3203.

Petitioner Byrd has not alleged that the seizure of his property was conducted pursuant to an established state procedure. *See Logan v. Zimmerman Brusch Co.*, 455 U.S. 422, 435–36, 102 S.Ct. 1148, 1157–58, 71 L.Ed.2d 265 (1982). Therefore, Byrd's claim is controlled by the *Hudson* decision. The state of Georgia has created a civil cause of action for the wrongful deprivation of personal property. Ga.Code.Ann. § 51–10–1 (1982). This statutory provision covers the unauthorized seizure of personal property by police officers. *Cf. Norred v. Dispain*, 119 Ga.App. 29, 166 S.E.2d 38 (1969) (trover action may be brought against Chief of Police for seizure of personalty). The state therefore has provided an adequate post deprivation remedy; Byrd was not deprived of property without due process law.

Byrd claims that tools, legal documents and personal papers were taken by the officers. He asserts damages in the amount of $210,000. Of this amount, $10,-000 appears to be allocated to the value of the property taken. We note that other circuits are in disagreement as to whether *Parratt* and its progeny is limited to de minimis deprivations of property. *Compare Bretz v. Kelman*, 773 F.2d 1026 (9th Cir.1985) (*Parratt* is limited to minor infractions concerning property) *with Holloway v. Walker*, 790 F.2d 1170 (5th Cir.1986) (*Hudson* more broadly applied). In *Parratt* the plaintiff sought recovery for $23.50 worth of hobby materials lost by defendants.

· The *Hudson* rationale applies equally whether the property is valued at $23.50 or $10,000. Surely the Supreme Court did not intend to create an arbitrary monetary amount at which suddenly a due process deprivation occurs based upon the value of the property.[2] We find persuasive the reasoning of the United States Court of Appeals for the Fifth Circuit: "Nothing in *Parratt* or *Hudson* suggests that the holdings of these cases are confined to minor deprivations of ... property. If the Supreme Court intended these cases to announce a constitutional rule of lex non curat de minimis, it would have said so." *Holloway*, 790 F.2d at 1172.

Byrd further asserts that the district court improperly denied his motion to enter a default judgment as to defendant Harris. The record shows that defendant's claim was dismissed prior to service of process. Therefore, Harris was not required to answer the complaint.

The decision of the district court is

AFFIRMED.

---

**2.** Although it is conceivable that *Hudson* may be limited to deprivations of property, we need not address this issue.