Junior Wilnon BYRD,
Plaintiff-Appellant,

v.

Larry STEWART, So. Cid, Thomas County, Georgia, Lenord Harris, Deputy Sheriff, Madison County, Florida, Defendants-Appellees.

No. 86–8202
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 26, 1987.

Terrell C. Madigan, Parker Law Firm, Tallahassee, Fla., for Harris.

Appeal from the United States District Court for the Middle District of Georgia.

Before HILL, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

This court *sua sponte* vacates and withdraws its previous opinion in this case, published at 803 F.2d 1168. In its place, the following opinion is substituted:

Byrd, appearing *pro se*, brought this suit based upon the following allegation:

On June 21, 1985, Larry Stewart, accompanied by Lenord Harris did make their entrance into the premises of 133 Barnes Street, Thomasville, Georgia, by breaking the house door lock and the door lock of the utility house behind the house without plaintiff or R.L. Simmons who had full control and consent. They then and there take plaintiff's personal properties, tools, legal documents, personal papers and etc. See attachments.

The district court dismissed this claim for failure to set forth a jurisdictional basis and for failure to state a claim. We reverse and remand to the district court.

█ The district court's confusion as to how to handle the plaintiff's complaint is understandable. Upon reading the complaint, it is difficult to discern whether the plaintiff seeks damages for the unlawful retention of his personal property or for the unlawful seizure of such property. If plaintiff intends to allege that the officers

have failed to return the items seized without due process of law, such a procedural due process claim would be barred by *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).[1] If the plaintiff intends to allege that the search and seizure itself was unlawful, such a fourth amendment claim would not be barred by the *Parratt* doctrine. *See Gilmere v. City of Atlanta*, 774 F.2d 1495 (11th Cir.1985).

 Pro se pleadings are to be held to a less stringent standard than pleadings drafted by attorneys. *Watson v. Ault*, 525 F.2d 886 (5th Cir.1976). Granting appellant an expansive reading of the complaint, the bare bones allegation of the complaint sets forth a claim that plaintiff was subjected to an unlawful search and seizure conducted by state law enforcement officers acting under color of state law. As such, the complaint sets forth a claim under 42 U.S.C. § 1983 (1982).

Accordingly, we remand to the district court so that defendants may file responsive pleadings. Should plaintiff prove to be unable to set forth specific facts showing that the officers seized his property in violation of the fourth amendment, the district court may properly dispose of this action by granting summary judgment in favor of defendants.

Having withdrawn the previous opinion of this panel, the decision of the district court is

REVERSED and REMANDED.

---

1. The state of Georgia has created a civil cause of action for the wrongful deprivation of personal property. Ga.Code Ann. § 51–10–1 (1982). This statutory provision covers the unauthorized seizure of personal property by police officers. *Cf. Norred v. Dispain*, 119 Ga.App. 29, 166 S.E.2d 38 (1969) (trover action may be brought against Chief of Police for seizure of personalty). Therefore, the state has provided an adequate post deprivation remedy when a plaintiff claims that the state has retained his property without due process of law.