**Bill THOMAS, Plaintiff,**

v.

**Lynn TAYLOR, Chief of Police, et al., Defendants.**

No. CV: 590–206.

United States District Court,
S.D. Georgia,
Waycross Division.

Aug. 6, 1991.

Bill Thomas, plaintiff, pro se.

J. Baker McGee, Jr., Waycross, Ga., James Thagard, Valdosta, Ga., and Neal L. Conner, Jr., Waycross, Ga., for defendants.

## ORDER

EDENFELD, Chief Judge.

Before the Court is the motion of Waycross law enforcement defendants Lynn Taylor, Chris Jordan, Jimmy Mercer, Herbert Bond, L.W. Lackey, Sr., and Leavy Dixon for sanctions pursuant to rule 11 of the Federal Rules of Civil Procedure. The defendants request an award of $6,629.25 in attorney's fees and costs based on seven separate instances of Bill Thomas' alleged frivolous and vexatious litigation conduct. Although the Court agrees with the defendants that Thomas, who appeared *pro se* in this case, violated rule 11, the Court will not award attorneys fees for each instance cited by the defendants, as explained below. Instead, the Court GRANTS the defendant's motion and ORDERS Thomas to pay $3,600.00 to the defendants.

### BACKGROUND

Bill Thomas filed a "Complaint and Motion to Attach Assets" in this Court on July 11, 1990. On June 7, 1991, this Court dismissed Thomas' complaint for failure to prosecute because he failed to attend his deposition after he was specifically ordered to do so by this Court. In the same order, the Court denied a motion for rule 11 sanctions brought by William E. Linton, a Magistrate of Ware County, Georgia. The Court had previously dismissed Judge Linton from this case, in an order, dated August 21, 1990, because of his absolute judicial immunity.

Thomas' complaint was based on his belief that he was a victim of a conspiracy to violate his civil rights. Thomas was arrested and charged with a narcotics violation on March 9, 1990. Thomas claimed that the defendants conducted an illegal search of his vehicle, his person, and the premises of a friend, Tracy Smith, based on information obtained a few days earlier in a hearing before Judge Linton. Apparently, Thomas had appeared before Judge Linton in connection with Tracy Smith's attempt to

obtain a restraining order against her relative, Carl E. Myles, an admitted crack cocaine addict. Thomas claims that he was unlawfully arrested and imprisoned based on information presented during that hearing which Judge Linton shared with the Waycross law enforcement defendants.

The defendants claim that Thomas' complaint in this Court was designed to delay the trial of a criminal case pending against him in state court (presumably, resulting from his March 9, 1990 arrest) and to harass the named officers. They claim that Thomas' conduct in this case duplicated his maneuvers in state court. As evidence of Thomas' harassing tactics in state court, the defendants attached copies of papers Thomas submitted in his state court proceeding. Among these filings was a petition for a writ of mandamus, predicated upon the presiding judge's refusal to allow Thomas' brother and another friend, both non-lawyers, to represent him in his criminal trial. In addition, Thomas filed a state civil tort complaint against the presiding judge, the district attorney, and the Assistant District Attorney seeking damages, attachment of assets, and news media coverage. The defendants argue that the litigation in this Court is part of the same frivolous and vexatious ploy. Specifically, the defendants point to a total of seven pleadings and bad faith conduct that they claim entitles them to attorneys fees under rule 11. These will be discussed in the below.

### ANALYSIS

I. *Rule 11*

Rule 11 of the Federal Rules of Civil Procedure, as amended in 1983, requires a party, or attorney who submits a pleading to certify that:

> to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the pleading, motion or other paper] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and

that it is not interposed for any improper purpose.

. . . . .

Fed.R.Civ.P. 11. The rule is designed to " 'reduce frivolous claims, defenses, or motions' and to deter 'costly meritless maneuvers,' thus avoiding unnecessary delay and expense in litigation." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987) (en banc).

By its own terms, rule 11 applies equally to *pro se* litigants: "A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper, and state the party's address." Fed. R.Civ.P. 11. *Pro se* litigants are held to the same objective standard that a signer must conduct a reasonable inquiry into the facts and law or face sanctions. *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* — U.S. —, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) (clarifying that rule 11 encompasses represented parties who sign papers submitted to federal court). Although the standard is the same for *pro se* litigants, "the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." Fed.R.Civ.P. 11 advisory committee's note. Nevertheless, if a *pro se* litigant violates rule 11, the court must, upon motion or its own initiative, impose an "appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." Fed.R.Civ.P. 11; *see Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 876 (5th Cir.1988) (en banc) (once a violation of rule 11 is found, a court *must* impose appropriate sanctions). The court has considerable discretion in determining an appropriate sanction. *Donaldson,* 819 F.2d at 1553.

## II. *The Pleadings*

The defendants' first request for sanctions is directed at Thomas' complaint. Defendants claim that Thomas' complaint was frivolous, in bad faith, improper in form, and not grounded in or warranted by exist-ing law or any proposed good faith modification. Thomas' complaint is hyperbolic and confusing. In addition to charges of unlawful search and seizure, false arrest, false imprisonment, and conspiracy, the complaint charges that the defendants violated the public trust, abused their public offices, committed perjury, and committed assault with intent to kill and eighth amendment violations by pointing their guns at Thomas' head during the search and arrest. Although a *pro se* litigant is held to the same objective standard of reasonable inquiry under the circumstances, the Court must also review the complaint in light of the general rule that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Byrd v. Stewart,* 811 F.2d 554 (11th Cir.1987) (*pro se* plaintiff's complaint set forth claim for unlawful search and seizure under 42 U.S.C. § 1983); *see also Powell v. Lennon,* 914 F.2d 1459 (11th Cir.1990) (liberally construing *pro se* prisoner's complaint to find sufficient allegation of constitutional deprivation to withstand motion to dismiss).

Setting aside Thomas' extraneous and exaggerated accusations, the complaint charges that the Waycross law enforcement defendants conspired to illegally search his property and effectuate his arrest. In essence, Thomas claims that the police had no probable cause for their actions. Construing the complaint liberally, the Court concludes that a reasonable investigation of the law and the facts could demonstrate a basis for a claim under existing law. Thomas' characterization of his action as a claim for conspiracy and "civil tort injury" has a basis as a constitutional tort under 42 U.S.C. § 1983 (1988). *Cf. Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) (allowing cause of action for damages against state officials for constitutional deprivation).

On the record before the Court, however, it is difficult to determine whether or not Thomas conducted a reasonable inquiry. On the one hand, testimony elicited at deposition casts some doubt on Thomas' investigation into the law and facts of

his case. At deposition, Thomas engaged in the following colloquy with the defendants' attorney:

Q. You brought this lawsuit without any evidence and without obtaining or attempting to obtain any evidence that they had done this thing to wrong you. Is that correct?

A. I know the evidence that I need is not hard to find so I haven't made many attempts to obtain it, but I will.

Q. Now go back and answer my question, because it calls for a yes or no.

A. What's your question?

Q. You brought this lawsuit without any evidence and without attempting to obtain any evidence—

.　　.　　.　　.　　.

A. I'm not going to answer that question.

Q. Is that because it's true?

A. That's not true.[1]

On the other hand, many of the underlying facts of the case were within Thomas' personal knowledge. Moreover, there is evidence that Thomas conducted legal research at a law library to prepare his complaint. Giving the *pro se* plaintiff the benefit of the doubt, the Court concludes that Thomas did not violate rule 11 in filing his "Complaint and Motion to Attach Assets" with the Court.

■ The defendants contend that Thomas violated rule 11 in other submissions to the Court. On July 20, 1990, Thomas filed a "Motion for Injunction". The motion charged that Freddie Kemp, a non-party Waycross police officer, asked one of Thomas' acquaintances, Anthony Cooper, to "place a controlled substance on the premises of this plaintif [sic]." Thomas requested the Court to enjoin the defendants from harassing him with "threats of entrappment [sic] or with threats on his life." Thomas submitted several affidavits in support of this motion. This Court denied the motion on August 23, 1991. The Court agrees with the defendants that this pleading violates rule 11. If Thomas had conducted a reasonable inquiry into the facts and the law, he would have ascertained that no basis for injunctive relief exists against a non-party.

On November 6, 1990, the plaintiff filed a "Memorandum of Law and Affidavit" on his own behalf and on behalf of Tracy Smith. The memorandum cited no legal authority, but simply asserted that the defendants lied under oath and asked the Court to issue warrants to arrest the defendants. In the attached affidavit, sworn to by Carl Myles (Smith's relative), Myles discussed his drug addiction and claimed responsibility for the controlled substances seized from Smith's house. The Court finds that Thomas' request for criminal arrest warrants against the defendants constitutes harassment and that this motion was interposed for an improper purpose. Nonetheless, the Court finds it difficult to believe that the defendants found it necessary to spend $500.00 to prepare a response to this motion and affidavit.

■ Thomas next filed a "Supplement to Civil Tort Complaint", on December 1, 1990. The supplement attempted to add Fred A. Ellis, another Waycross police officer, as a defendant in this action. The supplement repeated the allegations in Thomas' complaint and alleged that Ellis committed perjury in a sworn affidavit. The Court denied this motion on January 30, 1991, based on Thomas' failure to comply with Fed.R.Civ.P. 15 and the scheduling orders of this Court. Defendants contend that Thomas' improper attempt at joinder entitles them to rule 11 sanctions. The Court disagrees. The defendants have not demonstrated or even argued that this pleading violated rule 11; instead, they argue that this pleading failed to comply with procedural rules. The Court will not fine the *pro se* plaintiff for his failure to properly join Fred A. Ellis.

The defendants also claim that Thomas should be sanctioned for violating rule 11 because he did not cooperate in preparing the status report and pretrial order, and because the defendants spent a great deal of time preparing a motion to dismiss and a

---

1. *Deposition of Bill Thomas,* at 144–145 (Oct. 19, 1990).

motion to compel discovery. These occurrences may indicate a lack of good faith by Thomas, but they do not fall within the scope of rule 11. The defendants' motions are not pleadings signed by the plaintiff.

### CONCLUSION

The Court has discretion in considering a rule 11 motion for sanctions. The Court does not find that Thomas violated rule 11 in filing the original complaint in this action: the pleadings of *pro se* plaintiffs are evaluated under less stringent standards than are the formal pleadings of lawyers. Nonetheless, many of Thomas' filings in this case were groundless and clearly not the result of a reasonable inquiry, under the circumstances, into the underlying facts and law. Therefore, the Court GRANTS the defendants' motion for rule 11 sanctions. The Court will not, however, award the defendants the amount of attorney's fees requested. The Court ORDERS Bill Thomas to pay the defendants $3,600.00 in attorney's fees and costs. Each defendant should receive an equal share of this fine.

SO ORDERED.