Beverly C. HARRIS, as Legal Guardian and Parent of Malcolm C. Youmans, Plaintiffs,

v.

McDONALD'S CORPORATION, d/b/a McDonald's Restaurant, 3411 N. Busch Blvd., Tampa, Florida, Defendant.

No. 94–1067–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

April 3, 1995.

Beverly C. Harris, Tampa, FL, pro se.

Ricardo Antonio Fernandez, H. Hamilton Rice, III, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for defendant McDonalds Corporation.

### *ORDER ON MOTION TO DISMISS*

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant McDonald's Corporation's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1) (Dkt. No. 4). Plaintiff has filed a Response in opposition to Defendant's Motion to Dismiss, reasserting proper jurisdiction (Dkt. No. 8).

## I. BACKGROUND

### A. Facts

The events giving rise to this case are as follows: Plaintiffs, mother and her eight year old son, purchased and consumed two hamburgers and an order of french fries at the drive-in of Defendant's restaurant on February 26, 1994. Several hours later, the child, Malcolm, became ill, remaining so until the next day when he was diagnosed at the emergency room of St. Joseph's Hospital with "gastroenteritis". That diagnosis was confirmed the following day by the family pediatrician.

Plaintiff reported the incident promptly to Defendant, but efforts by Plaintiff and her agents, a neighborhood association, to settle the case with Defendant and the adjuster for its insurance carrier proved futile.

### B. Legal Posture

Plaintiffs filed suit *pro se* in this Court on July 7, 1994, asserting jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, Federal

Food and Drug Administration Rules and the Fourteenth Amendment to the United States Constitution.

Plaintiffs support Federal question jurisdiction by allegations: 1) that Defendant violated their civil rights and F.D.A. Rules by selling them tainted meat; 2) that in doing so, Defendant acted under "color of state health laws", and violated "conduct secured by the Fourteenth Amendment", thereby invoking 42 U.S.C. § 1983; 3) that Defendant further violated the Fourteenth Amendment by failing to afford Plaintiffs a fact-finding investigation after notice of the incident, thus treating Plaintiffs differently than white citizens because they are black.

Defendant argues the insufficiency of the allegations of the Complaint to support any of the asserted grounds for jurisdiction, and urges this Court to dismiss Plaintiffs' *pro se* Complaint for lack of federal question jurisdiction.

More specifically, Defendant urges that: 1) Federal question jurisdiction cannot be supported by FDA Rules without Plaintiff's citation of a specific rule demonstrating an FDA violation by Defendant; 2) Federal question jurisdiction cannot be supported by the Fourteenth Amendment since a violation of that Amendment can only occur by action of the State, or one acting on behalf of the State, or performing a State function, and Defendant is a private corporation not included in any of those categories; 3) Federal question jurisdiction cannot be supported by 42 U.S.C. § 1983, which like the Fourteenth Amendment can only be violated through a prohibited action by the State or a State actor, and Defendant is neither; and 4) Federal question jurisdiction cannot be supported by vague, conclusory and incomprehensible allegations of failure to afford Plaintiffs a fact-finding investigation, and disparate discriminatory treatment of Plaintiffs because they are black.

## II. STANDARD OF DETERMINATION

A motion to dismiss under Fed. R.Civ.P. 12(b)(1) attacks the jurisdictional sufficiency of the complaint as a matter of law. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Luckey v. Harris*, 860 F.2d 1012, 1016 (11th Cir.1988), *reh'g denied en banc*, 896 F.2d 479 (11th Cir.1989), *cert. denied*, 495 U.S. 957, 110 S.Ct. 2562, 109 L.Ed.2d 744 (1990).

Pleadings of a *pro se* litigant must meet minimal pleading standards; however, the *pro se* litigant's complaint is to be held to less stringent standards than formal pleadings drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). *Byrd v. Stewart*, 811 F.2d 554 (11th Cir.1987).

In ruling on a Motion to Dismiss, a trial court is required to assume that all factual allegations are true. *United States v. Gaubert*, 499 U.S. 315, 327–28, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990). A court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Sofarelli v. Pinellas County*, 931 F.2d 718 (11th Cir.1991). But when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir.1991), *cert. denied*, 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991), *Powell v. United States*, 945 F.2d 374 (11th Cir.1991).

## III. DISCUSSION

### A. 28 U.S.C. § 1331: Federal Question Jurisdiction

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws or treaties of the United States". 28 U.S.C. § 1331.

An action "arises under" federal law when it is apparent from the face of the plaintiff's well-pleaded complaint that the plaintiff's cause of action is itself created by federal law, or if based upon state law, that a federal law which creates a cause of action is

an essential component of the plaintiff's claim. *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). *Western Union Int'l v. Data Dev.,* 41 F.3d 1494 (11th Cir.1995).

### 1. Federal Food, Drug and Cosmetic Act (FDCA)

■ In *Merrell Dow,* the seminal case on federal question jurisdiction, the federal statute upon which the Plaintiff relied for jurisdiction was the Federal Food, Drug, and Cosmetic Act (FDCA), the same statute at issue in the case before this Court. *Id.*

Both parties in *Merrell* concurred with the conclusion of the Sixth Circuit that the FDCA does not create or imply a federal private right of action for individuals injured in consequence of a violation of its provisions. Based upon that concurrence, the Supreme Court held that Plaintiff's claims did not depend on a question of federal law and that therefore, the complaint did not state a claim "arising under" the Constitution laws or treaties of the United States so as to confer federal question jurisdiction under § 1331. *Merrell Dow,* 478 U.S. at 817, 106 S.Ct. at 3236–37. *Western Union,* 41 F.3d at 1497. *Accord, Pacific Trading v. Wilson,* 547 F.2d 367, 371 (7th Cir.1976).

### 2. Federal Food and Drug Administration Rules (FDAR)

Similarly, in the case before this Court, and contrary to Defendant's contention, it is not Plaintiff's failure to identify the violation of a specific FDCA provision or FDA Rule that precludes this Court's jurisdiction under the FDCA. Fed.R.Civ.P. 8 does not require precise numbering of statutes and provisions to state a cause of action, only a short plain statement sufficient to give notice to a defendant of the nature of the claim asserted against it. Rather, it is the total absence of a private right of action under the statute upon which Plaintiffs' claim relies, which obviates the federal question upon which this Court's jurisdiction depends. *Merrell Dow,* 478 U.S. at 817, 106 S.Ct. at 3236–37.

Obviously the FDCA, as the enabling Act which created the FDA, determines the scope of FDA Rules, which can only elaborate upon, not extend or contravene, the basic parameters of the parent FDCA Act.

■ The Court notes that even if a private right of action under FDCA was otherwise available, restaurants as a discrete category have been specifically exempted from the Act and Rules. 21 U.S.C. § 661(c)(2), 9 C.F.R. § 303.1. Since Defendant is a restaurant, no action can lie against it under the FDCA or FDA Rules in any event.

Consequently, the FDCA provisions and FDA Rules are both unavailable as a basis for federal question jurisdiction in this case. Thus, pursuant to Fed.R.Civ.P. 12(f), this Court orders all reference to the FDA Rules specified in the Complaint as relative to jurisdiction, stricken from Plaintiff's Complaint. However, reference to violations of FDCA provisions or FDA Rules, as a basis for negligence *per se,* are not to be stricken.

### B. 28 U.S.C. § 1343: Civil Rights Jurisdiction

"The district court shall have original jurisdiction of any civil action authorized by law to be commenced by any person ...; (3) to redress the deprivation, under color of any state law, [o]f any right, privilege or immunity secured by the constitution of the United States or by any Act of Congress providing for equal rights of citizens ...; (4) to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights...." 28 U.S.C. § 1343.

As an initial matter, the Court notes that 28 U.S.C. § 1331 alone is sufficient to establish jurisdiction over civil rights issues without invoking § 1343. 28 U.S.C. § 1331 is the more comprehensive in scope of the two jurisdictional statutes, and encompasses the subject matter of § 1343. At the time of the enactment of § 1343, § 1331 was limited by a jurisdictional amount which was subsequently eliminated. The main purpose for the enactment of § 1343 was to provide a jurisdictional basis for civil rights claims without the limiting requirement of a jurisdictional amount. Thus at present, § 1343 is redundant. ERWIN CHEMERINSKY, FEDERAL JURISDICTION 249 (2d ed. 1994).

Consequently, any discussion herein of § 1331, should be deemed to include § 1343.

### C. Fourteenth Amendment: Prohibition Against State Action

■ The Fourteenth Amendment is not a basis for jurisdiction in a claim against a private actor under either § 1331 or § 1343. The Fourteenth Amendment commands "No State shall ...". By this language, the Fourteenth Amendment is restricted solely to wrongs committed by the State or on behalf of the State by its agents. *United States v. Price,* 383· U.S. 787, 794 n. 7, 86 S.Ct. 1152, 1157 n. 7, 16 L.Ed.2d 267 (1966).

■ Defendant restaurant corporation, a private actor, is neither the State nor an agent of the State exercising governmental functions. It is not subject to the prohibitions of the Fourteenth Amendment. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 929, 102 S.Ct. 2744, 2749–50, 73 L.Ed.2d 482 (1982).

Mere regulation of a restaurant under "state health laws" as Plaintiff alleges, does not transform Defendant into a state actor. If that was true, anyone regulated or licensed by the State, including every operator of a motor vehicle, would automatically be a state actor. This result is untenable. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ Private actors may become state actors only under three theories: "conspiracy," "public function," and "nexus." The conspiracy theory requires that the private actor conspire with the State to deprive the plaintiff of a civil right. The public function theory requires that the private actor exercise powers exclusively exclusive to the State. The nexus theory requires the existence of a sufficiently close relationship or "nexus" between the State and the private actor so that the action of the private actor "may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). Plaintiffs do not allege anything in their Complaint which implicates these theories.

Since the Fourteenth Amendment cannot give rise to a claim against Defendant, a private corporation, neither can it provide a basis for federal question jurisdiction in the case before this Court. Consequently, pursuant to Fed.R.Civ.P. 12(f), the Court strikes all allegations dependent on the Fourteenth Amendment from the Complaint.

### D. 42 U.S.C. § 1983: Application Only to State Actors

■ The same analysis applies under Section 1983 as under the Fourteenth Amendment. *United States v. Price,* 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 1157 n. 7, 16 L.Ed.2d 267 (1966). Section 1983 provides in pertinent part: "Every person who under color of ... (state law) ...". This language has been interpreted to mean that a defendant must be the state or its alter-ego to invoke liability under § 1983. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). 42 U.S.C. § 1983 does not reach purely private conduct, *District of Columbia v. Carter,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973).

In order to prevail in a civil rights action under § 1983, "a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Bannum, Inc. v. City of Ft. Lauderdale,* 901 F.2d 989, 996–97 (11th Cir.1990).

■ Since Defendant, a private corporation, neither performing a state function nor conspiring with the State, does not qualify as a person acting under color of state law, the Court agrees with Defendant that 42 U.S.C. § 1983 is ineffectual either to state a claim against Defendant under federal law, or to invoke federal question jurisdiction under either § 1331 or § 1343. *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

■ Further, § 1983 itself is not a jurisdictional statute. It merely creates a private remedy for violation of civil rights under the Constitution or other federal laws which might otherwise be unavailable. CHEMERINSKY at 422.

Since § 1983 cannot give rise to a federal claim against Defendant, a private corporation, neither can it provide a basis for federal question jurisdiction under 42 U.S.C. § 1331 or § 1343 in this. Pursuant to Fed.R.Civ.P. 12(f), the Court strikes allegations dependent upon § 1983 from Plaintiffs' Complaint.

### E. 42 U.S.C. § 1981: Application to Private & State Actors

▌ The Court disagrees with Defendant that Plaintiff has failed to state any federal claim or to invoke subject matter jurisdiction under § 1343. To the contrary, Plaintiff has met the jurisdictional requirements of both § 1331 and § 1343(a)(4).

42 U.S.C. § 1981 provides in pertinent part: "All persons ... shall have the same right ... to make and enforce contracts, to sue, be parties, ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens...."

By alleging that in the handling of Plaintiffs' claim, Defendant failed to afford a fact-finding investigation and failed to treat Plaintiffs, who are black, the same as white citizens, Plaintiffs state a claim under 42 U.S.C. § 1981. *Shaare Tefila v. Cobb*, 481 U.S. 615, 617–18, 107 S.Ct. 2019, 2021–22, 95 L.Ed.2d 594 (1987); *Donaire v. NME Hosp. Inc.*, 27 F.3d 507, 508 (11th Cir.1994); *Taylor v. Flint Osteopathic Hosp.*, 561 F.Supp. 1152 (E.D.Mich.1983) (Black physician and his black patients wrongfully denied Medicare and Medicaid benefits when white physicians and white patients were granted such benefits.); *Singh v. State Farm Mutual Auto Insurance Co.*, 860 P.2d 1193 (Alaska 1993) (Sikh Indian motorist wrongfully denied claim settlement procedures equal to that of white citizens, after auto collision injury.).

▌ To state a claim under § 1981, an injured party need only allege (1) a violation of civil rights based upon racial animus and (2) treatment disparate from that afforded white citizens. *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 2028, 95 L.Ed.2d 582 (1987). *Donaire*, 27 F.3d at 508 (Allegation by Filipino physician of discrimination because of ancestry or eth-nic characteristics satisfies pleading requirements of § 1981).

▌ Unlike 42 U.S.C. § 1983, both private actors as well as State actors are liable under § 1981. *General Bldg. Contractors Assoc. v. Pennsylvania*, 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982).

Although Plaintiff has neglected to specify the proper subchapter designation, that omission is not fatal to her claim. Fed. R.Civ.P. 8(f) requires that "all pleadings shall be so construed as to do substantial justice." Fed.R.Civ.P. 8(a)(2) requires merely "a short and plain statement of the claim showing that the pleader is entitled to relief". Further, the Court is required to interpret the pleadings of a *pro se* litigant liberally. A *pro se* litigant is not to be held to the same standard as learned counsel. *Haines v. Kerner*, 404 U.S. at 520, 92 S.Ct. at 595. *Byrd v. Stewart*, 811 F.2d at 555.

As an officer of this Court and in the interest of justice, Counsel for Defendant had an obligation to bring § 1981 to the attention of the Court, particularly where his opponent is a *pro se* litigant. Fed.R.Civ.P. 11, ABA MR 3.3(1)(3).

Defendant characterizes Plaintiff's allegations in this context as "incomprehensible" and "conclusory". Because Plaintiffs do not articulate their claims with the linguistic skill, legal precision and factual specificity of professional counsel, Defendant argues that this Court should dismiss Plaintiffs' Complaint.

The explicit language of the Supreme Court mitigates against this course. "[A]llegations such as those asserted by [Plaintiff], however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence." *Haines v. Kerner*, 404 U.S. at 520, 92 S.Ct. at 595–96; accord *Byrd v. Stewart*, 811 F.2d 554 (11th Cir.1987).

In that same context, Defendant seeks to have this Court to reimpose a "heightened pleading standard" in civil rights litigation. To do so would contravene the recent clear mandate of the Supreme Court in *Leatherman v. Tarrant County Narcotics and Intelligence Unit*, 507 U.S. 163, ——, 113 S.Ct. 1160, 1162, 122 L.Ed.2d 517 (1993), that it is

impossible to reconcile a heightened pleading standard with the liberal system of notice pleading specified by the Federal Rules. ("We have repeatedly emphasized the liberality of the principles of notice pleadings that govern federal procedure."). **Nor** is such a position compatible with *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), ("[t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."). **Nor** does Defendant's stance concur with the mandate of the Eleventh Circuit. ("we have repeatedly emphasized the liberality of the principles of notice pleading that govern federal procedure."). *Brown v. Nichols* 8 F.3d 770 (11th Cir.1993). **Nor** does Defendant's demand accord with the clear position of this District and this Court ("This Court adopts the Leatherman analysis."). *Hillsborough County v. A & E Road Oiling Service,* 853 F.Supp. 1402 (M.D.Fla.1994).

Plaintiff has stated a claim under 42 U.S.C. § 1981, and in so doing has satisfied the requirements of 28 U.S.C. § 1331 and 28 U.S.C. § 1343, thereby properly invoking the jurisdiction of this Court. *Campbell v. Gadsden County School Bd.,* 534 F.2d 650 (C.A.5 1976).

As to this Count, and as to dismissal of Plaintiff's Complaint for lack of federal question jurisdiction, Defendant's Motion to Dismiss is denied.

### F.  28 U.S.C. § 1367: Supplemental Jurisdiction

■ Since the sole basis for federal jurisdiction is the 42 U.S.C. § 1981 allegation of racial discrimination in Defendant's handling of Plaintiffs' insurance claim, the question must be raised under 28 U.S.C. § 1367 whether the pendant state tort claims are "so related to federal § 1981 claim that they form part of the same case or controversy ..."

28 U.S.C. § 1367 provides in pertinent part: "[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Although the § 1981 racial discrimination claim may not necessarily implicate full consideration of the pendant state tort claim on its merits, it is probable that in showing racial discrimination in the handling of their insurance claim, Plaintiffs may have to prove the merits of the underlying State tort claim in order to demonstrate that the disparate treatment afforded them was due to racial animus, not substantive deficiencies in the claim itself.

This result is practically certain if Plaintiffs were to join the insurance adjusting agency and the insurance carrier, under a count for bad faith claim practices under Florida law.

In accord with the strong policy favoring judicial efficiency, and despite any perception that the state claims might be seen to dominate over the federal § 1981 claim within the meaning of 28 U.S.C. § 1367(c)(2), this Court declines to exercise its discretion to disallow the supplemental State claims.

Consequently, this Court concludes there is "a common nucleus of operative facts" shared by the federal and state claims sufficient to permit supplemental jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 724–25, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

### IV.  CONCLUSION

The Court concludes that under some grounds Defendant's Motion to Dismiss must be granted and under some grounds the Motion to Dismiss must be denied. The Court has stricken some portions of Plaintiffs' Complaint. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss be **denied** in part and **granted** in part as described above.

DONE AND ORDERED.