## A04A1508. RAMSON et al. v. DEAKINS.
### (601 SE2d 838)

ANDREWS, Presiding Judge.

Michael Ramson, Mattie Ramson, and Acceptance Insurance Company sued Ernest Deakins, the Ramsons' landlord, after a fire destroyed the Ramsons' personal property. Following a bench trial, the trial court found that Deakins' negligence was the proximate cause of the fire that destroyed the Ramsons' personal property in the trailer they rented from Deakins. It also concluded, however, that it could not award damages because the plaintiffs did not prove the fair market value of any item destroyed in the fire. Because we find the plaintiffs submitted evidence from which the fair market value of some of the items could be determined, we reverse and remand this case to the trial court.

In *Braner v. Southern Trust Ins. Co.*, 255 Ga. 117 (335 SE2d 547) (1985), our Supreme Court relaxed the then-existing rule as to proof of damage to personal property destroyed in a fire and adopted the following rule:

> Where a homeowner or homeowner's spouse testifies as to either the purchase price or replacement cost of household furnishings, items of personal clothing and other commonly used personal property destroyed by fire, *and* as to the *approximate* date of purchase or acquisition of each such item, the evidence is sufficient for the jury to find the actual cash values of such common and familiar property.

(Citations omitted; emphasis supplied.) Id. at 121 (3).

After closely examining the transcript of the bench trial, we find that the purchase price and approximate date of purchase were

provided for many of the items lost in the fire. Mr. Ramson testified at trial that a handwritten inventory list prepared by his wife accurately listed their personal property in the trailer at the time of the fire. He further testified that the dollar amounts beside each item represented the amount paid for each of the items. Mr. Ramson specifically testified that the five-piece bedroom suite included on the list was two years old at the time of the fire.

Although Mrs. Ramson did not testify at trial, her deposition was admitted for the trial court's consideration. In her deposition, Mrs. Ramson explained that she completed the handwritten inventory list and provided information about the age of numerous items included on the sheet. She confirmed her husband's testimony that the dollar amounts beside each item on the list represented the purchase price.

As there was sufficient evidence from which the trial court could determine a portion of the plaintiffs' damages, we reverse and remand this case to the trial court for consideration of such an award.

*Judgment reversed and case remanded. Miller and Ellington, JJ., concur.*

DECIDED JULY 7, 2004.

*Joseph C. Clem*, for appellants.
*Brian M. House*, for appellee.

