A07A2216. ALLSTATE INDEMNITY COMPANY v. PAYTON.
(656 SE2d 554)

MIKELL, Judge.

Joyce C. Vaughn's house was destroyed by fire in 2000. Her dwelling and personal property were covered by an insurance policy issued by Allstate Indemnity Company. Vaughn submitted a proof of

---

loss to Allstate stating that the value of the property at the time of the loss was $35,276, consisting of $24,000 for the dwelling and $11,276 for personal property, although she only claimed $10,500 for the personalty, as that was the limit of her coverage. Allstate settled the claim for damage to the dwelling but denied the claim for personal property loss, alleging that Vaughn was involved in causing the fire and had misrepresented material facts during the submission of her claim.

Vaughn died in 2002, and her son, James G. Payton, was appointed as the administrator of her estate. In his capacity as administrator, Payton filed suit against Allstate in 2004 to recover the maximum amount allowable under the policy for the value of the personal property lost in the fire. The matter was tried to a jury, which returned a verdict in favor of Payton for $10,500, representing the policy limit less a $100 deductible. Allstate appeals the judgment entered on the verdict.

In its sole enumeration of error, Allstate argues that the trial court erred in denying its motion for a directed verdict because Payton "completely and utterly failed to prove his damages." We disagree.

The standards for granting a directed verdict and for the review of a judgment entered on a jury verdict are well settled. A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, construed most favorably to the party opposing the motion, demands a particular verdict.[1] When a jury returns a verdict, it must be affirmed on appeal if there is any evidence to support it.[2] Moreover, the evidence must be construed in the light most favorable to the prevailing party, and every presumption and inference is in favor of sustaining the verdict.[3]

So viewed, the evidence shows that Renee P. Morton, who is Vaughn's daughter, always lived in close proximity to her mother. They even worked together for a time when Morton drove a school bus, and Vaughn was her aide. In the days following the fire, Morton and her mother prepared an inventory of all of the household items that had been destroyed in the fire. Morton testified that she and her mother prepared the inventory on a form supplied by Allstate and submitted the inventory to the insurer so that Vaughn could be compensated for her loss. The inventory is five pages long, and, according to Morton, took two days to prepare. The women pictured the items in their minds, discussed them, and tried to estimate the

---

[1] *Jackson Nat. Life Ins. Co. v. Snead*, 231 Ga. App. 406, 409 (3) (499 SE2d 173) (1998).

[2] *Edwards v. Sabat*, 263 Ga. App. 852 (589 SE2d 618) (2003).

[3] Id.

original cost of each item. The total estimate was $16,705. Morton testified that she and her mother arrived at the actual cash value of $11,276 by discounting the original cost of the items by a percentage. The inventory was tendered into evidence without objection. Allstate's claims adjuster, Debra Hatfield, admitted that the proof of loss was timely submitted.

Allstate argues that this evidence demanded a verdict in its favor because there was no testimony as to the age, purchase price, or condition of the items listed on the inventory. Allstate cites *Braner v. Southern Trust Ins. Co.*,[4] in support of its position. In *Braner*, our Supreme Court relaxed the rule concerning proof of damage to personal property destroyed in a fire and adopted the following rule:

> Where a homeowner or homeowner's spouse testifies as to either the purchase price or replacement cost of household furnishings, items of personal clothing and other commonly used personal property destroyed by fire, and as to the approximate date of purchase or acquisition of each such item, the evidence is sufficient for the jury to find the actual cash values of such common and familiar property.[5]

Allstate argues that because the homeowner's daughter did not testify as to the approximate date of purchase of the myriad of household goods itemized on the list, the plaintiff's proof of damage was insufficient to withstand a motion for a directed verdict. But *Braner*, when examined in detail, shows that the trial court in this case properly submitted the case to the jury. In *Braner*, "the insurer's agent testified that he instructed the insured to list replacement cost and date of purchase, and that he, using a depreciation formula, would reduce replacement cost to actual cash value as called for by the insurance policy."[6] Apparently, the insured did not testify as to the actual cash value of the personal property destroyed in the fire. By contrast in the case at bar, the homeowner/insured had already submitted a discounted actual cash value in the proof of loss form, the form was timely submitted to the insurer, and it also was admitted at trial absent any objection by the insurer. "Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise their

---

[4] 255 Ga. 117 (335 SE2d 547) (1985).

[5] (Citations omitted.) Id. at 121 (3). Accord *Ramson v. Deakins*, 268 Ga. App. 393 (601 SE2d 838) (2004).

[6] *Braner*, supra at 120 (2) (b).

own knowledge and ideas."[7] Here, Morton's testimony as to how she and her mother arrived at the purchase price of the items on the list, all of which were common household goods, coupled with the proof of loss form showing a depreciated value, are sufficient to uphold the verdict. This case is similar to *Fireman's Fund Ins. Co. v. Dean*,[8] in which the deceased homeowner's estate made a insurance claim to recover the value of personal property destroyed in a fire in the insured residence.[9] The estate introduced into evidence a five-page list of personal property that had been prepared by the decedent's son from his memory of the items in his parents' house.[10] Ruling that the value of the items on the list was within the general ken of a jury, we held that the trial court did not err in denying the insurer's motion for directed verdict as to personal property damages.[11] We reach the same result in this case. The value of items such as a "red velvet living room suite" and "antique coffee tables" is within the general ken of a jury, and the trial court did not err in refusing to grant a directed verdict to Allstate.

*Gray v. State*,[12] relied upon by Allstate, is distinguishable because it involves a claim for restitution, which is governed by a different standard. In a claim for restitution, "[d]etermination of the amount of damages must be based upon fair market value, which must be determined *exactly*."[13]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 16, 2008.

*Webb, Zschunke, Neary & Dikeman, Christopher R. Abrego, Marvin D. Dikeman*, for appellant.

*Jack F. Witcher, Kevin B. Buice, Daniel B. Greenfield*, for appellee.

---

[7] (Citation and punctuation omitted.) *Atlanta Commercial Builders v. Polinsky*, 148 Ga. App. 181, 182 (1) (250 SE2d 781) (1978).

[8] 212 Ga. App. 262 (441 SE2d 436) (1994).

[9] Id. at 263.

[10] Id. at 266 (3).

[11] Id.

[12] 273 Ga. App. 747 (615 SE2d 834) (2005).

[13] (Citations and footnotes omitted; emphasis supplied.) Id. at 749 (2).